The PEOPLE of the State of Colorado, Complainant,

v.

Bruce Eric HEILBRUNN, Attorney–Respondent.

No. 91SA186.

Supreme Court of Colorado. En Banc.

June 17, 1991.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Wesley A. Miller, Denver, for atty.-respondent.

PER CURIAM.

The respondent in this consolidated attorney discipline case was charged with numerous counts of misconduct in five separate complaints filed between April 1988 and June 1990 by the disciplinary counsel and assistant disciplinary counsel of the Supreme Court Grievance Committee. A thirty-nine page amended complaint containing twenty counts was filed in September 1990, consolidating the previous five complaints. The respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. We rejected the initial conditional admission of misconduct and the recommendation of the inquiry panel that the respondent be suspended for 364 days. *See* 241.18(a). The inquiry panel has now accepted a revised stipulation and agreement and has unanimously recommended that the respon-

1. Respondent is under suspension pending the     outcome of these proceedings.

dent be suspended for one year and one day from the practice of law and comply with additional supplemental conditions. After a thorough consideration of the respondent's serious and multiple acts of misconduct, but recognizing the presence of extraordinary factors in mitigation, we accept the stipulation and agreement, and the recommendation of the inquiry panel.

The respondent was admitted to the bar of this court on May 15, 1981, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The stipulated agreement entered into by the respondent and the assistant disciplinary counsel contains a detailed picture of the respondent's neglect, deception, and ultimate abandonment of his clients. The consistent pattern of professional misconduct that emerges from at least seventeen separate instances over a period of two years is as follows.

A client would hire the respondent to represent him or her in a criminal case, a proceeding for dissolution of marriage, or other civil matter, and the respondent would accept a retainer. The respondent would then perform little or no work on the case, he would fail to inform the client of the status of the proceedings or would affirmatively misrepresent the status of the case to the client, and fail to return the client's telephone calls over a period of months. The respondent would then abandon the client and the case, causing actual or potential damage to the client, and refuse to return the unearned fees and retainers that he had collected.

The respondent has admitted, and we agree, that his conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law); DR 2-110(A)(2) (a lawyer shall not withdraw from employment until he has taken steps to avoid foreseeable prejudice to the rights of his client); DR

2-110(A)(3) (a lawyer who withdraws from employment shall refund promptly any unearned attorney's fees); DR 2-110(B)(3) (a lawyer shall withdraw from employment if his mental or physical condition renders it unreasonably difficult for him to carry out the employment effectively); DR 2-110(B)(4) (a lawyer shall withdraw from employment if he is discharged by his client); DR 6-101(A)(2) (a lawyer shall not handle a legal matter entrusted to him without adequate preparation under the circumstances); DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means); DR 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship); and DR 9-102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Because of the foregoing, the respondent also violated DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

The respondent and the assistant disciplinary counsel have consented to the imposition of a suspension for one year and one day in conjunction with certain supplemental conditions for reinstatement and conditions pertaining to the respondent's practice of law following any reinstatement. The inquiry panel has accepted the conditional admission of misconduct and has recommended suspension for one year and one day and the imposition of the supplemental conditions. Nevertheless, this court has the final responsibility for determining and imposing appropriate attorney discipline. *People v. Flores,* 772 P.2d 610, 614 (Colo. 1989). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the

absence of aggravating and mitigating factors, disbarment is generally warranted when:

(a) a lawyer abandons his practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

*ABA Standards* 4.41. In aggravation, we find: (1) the respondent has received a prior letter of admonition in 1990, *ABA Standards* 9.22(a); (2) a dishonest or selfish motive on the respondent's part, *id.* at 9.22(b); (3) an extensive pattern of misconduct, *id.* at 9.22(c); and (4) multiple offenses, *id.* at 9.22(d). Were it not for the presence of certain extraordinary mitigating factors, we would conclude that the inquiry panels's recommendation is too lenient, and we would reject the stipulation and conditional admission of misconduct.

As factors in mitigation, we find that the respondent has made a timely good faith effort to make restitution and to rectify the consequences of his misconduct. *ABA Standards* 9.32(d). We also conclude that the respondent's physical and mental disabilities during the period of his misconduct contributed greatly to that misconduct. *Id.*, at 9.32(h). The record indicates that the respondent suffered from severe and chronic depression leading to drug and alcohol abuse during the period of admitted misconduct. The respondent has also taken substantial steps toward rehabilitation during the pendency of these proceedings. *Id.* at 9.32(j).

The respondent has voluntarily consented to the imposition of the following supplemental conditions. He has agreed to continue regular psychotherapy on an outpatient basis for the treatment of depression, substance abuse, and personality disorders during the period of suspension and for an additional period of two years; and he will not discontinue such psychotherapy without the consent, and unless on the advice, of a qualified psychotherapist. During the course of the psychotherapy, the respondent will have the psychotherapist file semi-annual progress reports with the Office of Disciplinary Counsel. The respondent has further agreed to remain on appropriate medication for depression, unless and until advised to change or discontinue such medication by his treating physician or psychiatrist. He will seek treatment and appropriate therapy for the learning disability that has been identified. Finally, following the period of suspension, the respondent has agreed to work as a lawyer only under the supervision of another lawyer who is able to closely monitor the respondent's work load and current ability to handle stress. The respondent has specifically agreed not to practice law as a sole practitioner.

Taking into consideration the seriousness and frequency of the respondent's past misconduct, but also these factors in mitigation, we have concluded that a suspension for a year and a day, in conjunction with the supplemental conditions outlined above, will adequately serve to protect the interests of the public. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

It is hereby ordered that Bruce Eric Heilbrunn be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is ordered that Heilbrunn comply with the supplemental conditions set forth in this opinion. It is further ordered that Heilbrunn pay the costs of this proceeding in the amount of $2,414.77 in regularly monthly payments during the pendency of his suspension, commencing thirty days after the announcement of this opinion, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Heilbrunn shall not be reinstated until after he has complied with C.R.C.P. 241.22(c) & (d).